UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERT WALLS, JR., #335576,

                Petitioner,

v.                                          2:08CV500

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

### A.  Background

On June 25, 2004, in the Circuit Court for the City of Richmond, Virginia, petitioner was convicted of robbery and assault and was sentenced to eight years imprisonment.  On June 1, 2006, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia.  On October 6, 2006, the Supreme Court granted petitioner leave to file a delayed notice of appeal in the Virginia Court of Appeals. Petitioner filed the delayed appeal, but on July 24, 2007, the appeal was denied by a three-judge panel.  Petitioner then filed a second habeas petition in the Supreme Court of Virginia, but on September 30, 2008, the petition was refused.

On October 15, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on January 7, 2009, respondent filed a motion to dismiss and Rule 5 answer.   This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1.   Ineffective assistance of trial counsel because of counsel's failure to:

    a.   inform the trial court that petitioner wished to withdraw his guilty plea within the required time;

    b.   obtain a written plea agreement;

2.   Petitioner was denied his right to appeal.

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may

consider attached exhibits and documents incorporated by reference.  See
Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir.
1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas
corpus actions provides that:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the
> merits in State court proceedings unless the
> adjudication of the claim--
>
> (1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective
Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with
the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the
passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir.
1995), the court held that a review of a state court finding, which is
entitled to a presumption of correctness, compels the habeas court to
accord a high measure of deference to the state court.  See id. at 1032-
33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455
U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422
(1983), "[t]his deference requires that a federal habeas court more than
simply disagree with the state court before rejecting its factual

determinations.   Instead,  it  must  conclude  that  the  state  court's findings lacked even 'fair [] support' in the record."   <u>Id.</u> at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The  exhaustion  requirement  dictates  that  a  petitioner  must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An  application  for  a  writ  of  habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there  is  an  absence  of  available State corrective process; or
>
> (ii) circumstances exist that render such process  ineffective  to  protect  the  rights  of  the applicant.
>
> . . . .
>
> (c)  An  applicant  shall  not  be  deemed  to  have exhausted the remedies available in the courts of the  State,  within  the  meaning  of  this  section,  if he  has  the  right  under  the  law  of  the  State  to raise,  by  any  available  procedure,  the  question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must  be  the  same  claim  as  that  presented  in  state  proceedings.   <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Pitchess v. Davis</u>, 421 U.S.  482,  487  (1975);  <u>Joseph v. Angelone</u>,  184 F.3d 320, 325 (4th Cir. 1999); <u>Beck v. Angelone</u>, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); <u>see</u> <u>also</u>  <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Duncan v. Henry</u>, 513 U.S.  364,  365  (1995);  <u>Satcher v. Pruett</u>,  126 F.3d 561, 573 (4th Cir.

1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.  Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal.  In <u>Coppola v. Warden of Virginia State Penitentiary</u>, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial.  Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding."  <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).  The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system.  <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990).[1]  In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court

---

[1]  The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the Virginia Code.  <u>Bassette</u>, 915 F.2d at 936.  Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause

resulting in actual prejudice. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).
Petitioner has not made a showing of justifiable cause for his failure
to appeal the aforementioned issues to the Court of Appeals and the
Supreme Court of Virginia. Therefore, the issue of actual prejudice need
not be addressed.

Petitioner alleges that he was denied his right to appeal,
(Claim 2). The Supreme Court of Virginia dismissed the claim as
procedurally defaulted pursuant to section § 8.01-654(B)(2) of the
Virginia Code, and <u>Dorsey v. Angelone</u>, 544 S.E.2d 350 (2001), because
the claim was previously raised and relief was granted. The procedural
default rule of section 8.01-654(B)(2) constitutes an independent state
law ground for decision. <u>Pope v. Netherland</u>, 113 F.3d 1364, 1372 (4th
Cir. 1997). A claim that fails to meet a state procedural requirement
is barred from federal habeas review. <u>Coleman</u>, 501 U.S. at 750. Absent
a showing of justifiable cause resulting in actual prejudice, a federal
court is required to dismiss a procedurally defaulted claim. <u>Wainwright</u>,
433 U.S. at 91. Petitioner has raised no argument regarding cause or
prejudice, therefore, his petition is barred from federal habeas review.
The claim is procedurally defaulted and should be DISMISSED.

**E.  Petitioner did not receive ineffective assistance of counsel**.

The standards upon which claims of ineffective assistance of
counsel are to be judged are relatively clear. They were established in
<u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and have been applied on
numerous occasions by this Court. In <u>Strickland</u>, the Supreme Court
approved as the proper standard for attorney performance that of
"reasonably effective assistance." <u>Id</u>. at 687. The Court stated:

> The benchmark for judging any claim of
> ineffectiveness must be whether counsel's conduct
> so undermined the proper functioning of the

7

adversarial process that the trial cannot be relied
on as having produced a just result.

    . . . .

    A convicted defendant's claim that counsel's
assistance was so defective as to require reversal
of a conviction or death sentence has two
components.  First, the defendant must show that
counsel's performance was deficient.  This requires
showing that counsel made errors so serious that
counsel was not functioning as the "counsel"
guaranteed the defendant by the Sixth Amendment.
Second, the defendant must show that the deficient
performance prejudiced the defense.  This requires
showing that counsel's errors were so serious as to
deprive the defendant of a fair trial, a trial
whose result is reliable.  Unless a defendant makes
both showings, it cannot be said that the convic-
tion or death sentence resulted from a breakdown in
the adversary process that renders the result
unreliable.

Id. at 686-87.

     There are, therefore, two elements of the Strickland test,
each of which must be met before the conduct of counsel can be found
constitutionally defective.  First, petitioner must show that he received
deficient legal representation, measuring the competency of his counsel
against what "an objectively reasonable attorney would have done under
the circumstances existing at the time of the representation."  Savino
v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).  Petitioner must also show
actual prejudice; that is, he "must demonstrate that the error worked to
his 'actual and substantial disadvantage,' not merely that the error
created a 'possibility of prejudice.'"  Satcher v. Pruett, 126 F.3d 561,
572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986);
Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

     The burden on petitioner is to show "that there is a
reasonable probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."  Strickland, 466

U.S. at 694.  That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics.  See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996).  Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review."  Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

### 1.  Claim 1(a)

Petitioner alleges counsel was ineffective for failing to inform the trial court that he wished to withdraw is guilty plea within the required time, (Claim 1(a)).  The record indicates that counsel did, in fact, make a detailed argument in support of petitioner's motion to withdraw the guilty plea. (5/17/04 Tr. at 3-6.)  Furthermore, the Supreme Court found that the transcript and counsel's affidavit demonstrate that counsel timely moved to withdraw petitioner's guilty plea.  Because the court's ruling is neither contrary to or an unreasonable application of Strickland and does not rest on an unreasonable finding of facts, it is entitled to deference under § 2254(d).  Williams v. Taylor, 529 U.S. 362, 403-13 (2000).  The claim is without merit and should be DISMISSED.

### 2.  Claim 1(b)

Petitioner also alleges that counsel was ineffective for failing to obtain a written plea agreement, (Claim 1(b)).  A plea agreement need not be in writing, therefore, the claim fails to meet both the deficiency and prejudice prong of Strickland.  Wilson v. Common-wealth, 630 S.E.2d 326 (Va. 2006).  Furthermore, the Supreme Court of

Virginia found that the claim satisfied neither the performance nor prejudice prong of <u>Strickland</u>. Specifically, the Supreme Court found that the trial transcript and counsel's affidavit demonstrate that the Commonwealth moved to <u>nolle prosequi</u> three additional charges against petitioner in exchange for his guilty pleas to the robbery and assault charges. (<u>Walls v. Director</u>, Va. S.Ct. Ord. Rec. No. 080585, September 30, 2008, at 2. Furthermore, the court found that petitioner failed "to articulate the existence of any additional terms offered by the Commonwealth or how acquiring written documentation of the Commonwealth's offer would have affected his decision to plead guilty." (<u>Walls</u>, Rec. No. 080585 at 3.) Finally, the court found that petitioner had failed to show that counsel's performance was deficient or that there was a reasonable probability that but for the alleged errors of counsel, petitioner would have pled not guilty, proceeded to trial, and the outcome of the proceedings would have been different. (<u>Walls</u>, Rec. No. 080585 at 3.) The Supreme Court's ruling is not contrary to or an unreasonable application of <u>Strickland</u> nor does it rest on an unreasonable finding of facts and, therefore, is entitled to deference under § 2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362, 403-13 (2000). The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


                                    _____/s/_____
                                    James E. Bradberry
                                    United States Magistrate Judge

Norfolk, Virginia

April 10, 2009

11

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

> Robert W. Walls, #335576, <u>pro</u> <u>se</u>
> Greensville Correctional Center
> 901 Corrections Way
> Jarratt, VA  23870
>
>
> Karen Misbach, Esq.
> Assistant Attorney General of Virginia
> 900 E. Main Street
> Richmond, VA  23219

Fernando Galindo, Clerk

By _____
                    Deputy Clerk

_____, 2009